By the Court. Vanderpoel, J.
The plaintiff contends that the words in the defendant’s affidavit, imputing perjury to the plaintiff, were not relevant or pertinent to the matter before the chancellor. The defendant contends, that the words or clause in question were pertinent, and that it must be treated as a privileged communication or publication. The fate of the verdict depends upon the result of this inquiry.
There are two classes of privileged communications, recognized in law, in reference to the action of slander. In one, malice is not always to be inferred from the mere speaking or publishing of the words ; but the plaintiff will be able to sustain his action of slander, if he can satisfy the jury by other proof, that there was actual malice on the part of the defendant. (Hastings v. Lusk, 22 Wend. 410.) In the other class, Walworth, Chancellor, says, the privilege is an effectual shield to the defendant; so that no action of slander can be sustained against him, whatever his motive may have been, in using the slanderous words. It was also held by the Chancellor in the above case, that the privilege of counsel in advocating the causes of their clients, and of parties, who are conducting their own causes, belongs to the latter class, when they have confined themselves to what was relevant or pertinent to the question before the court; and that the motives with which they have spoken what was relevant or pertinent to the cause cannot be questioned in an action of slander.
The plaintiff here saw fit to add to the bill in chancery, filed by Frances L. Warner, to enable her to procure an injunction, his own affidavit, that as to the facts stated in the bill to be on the information and belief of the complainant, he was her informant, and that such information was truly given. It appears from the affidavit, that he had also informed her that the de *199 fendant and his partner, Ciasen,' had purchased a claim or judgment with the declared intention of proceeding immediately to execution and a creditor’s bill. To this the defendant Paine, in an affidavit read to oppose the motion for an injunction, answered, that he purchased the said judgment and other securities, not for himself, but for his client, and that he had so repeatedly informed the said Warner, both by letter and in person ; and that Warner in his affidavit, or in swearing that he communicated such fact to Frances L. Warner, and knowing the same to be true, “ had been guilty of perjury.”
It is said, the defendant was not justifiable in imputing to the plaintiff, so directly, the crime of perjury. It was certainly competent for the defendant to say, that the allegation of the plaintiff in his affidavit was untrue or false. This was held in Ashley v. Younge, (2 Bur. 807.) The opinion of Lord Mansfield, in that case, goes far towards sustaining the defendant here. It was an action for a libel contained in an affidavit of the defendant in resisting a motion in the Court of King’s Bench, made by the plaintiff, in which the defendant stated that the plaintiff, in his affidavit, had “ falsely sworn against him.” Lord Mansfield says, “ there can be no scandal, if the allegation is material; that here was a charge against the defendant in a court of justice, made upon oath, and supported by the affidavit of the plaintiff, and in the affidavit of the defendant, in answer to this complaint, he mentions the charge upon him, and denies it, with this conclusion of calling it1 what Sir John Ashley has so falsely sworn against him’” It was held that the defendant had a right so to characterize the plaintiff’s affidavit. Lord Mansfield stopped the counsel for the defendant, remarking that it ought not to be made a matter of question, and that all the judges were clear in the same opinion, that if the matter of fact be justified, the epithets fall to the ground; that the affidavit was taken notice of by the court, at the time when the affidavit was read, and disapproved of as to the word “falsely,” which was thought too rough and coarse an expression, and yet, was not judged to require a formal censure from the court.
We cannot perceive why this rule and this reasoning are not *200 applicable to the case under consideration. Had the defendant stated, that the plaintiff had sworn falsely, it would be equivalent to saying, he had committed perjury. The only difference between this case and Ashley v. Young is, that the affidavit here exceeds the one* in the other case in epithetical coarseness, the sense and meaning being the same in both cases. The matter of fact, the materiality of the fact, must only be looked to, in determining whether the matter be libellous. If the fact be material and pertinent, the party setting it forth in his affidavit is privileged and protected, though he may have employed stronger and coarser words than may consist with the rules of good taste and proper decorum. For a violation of the latter rules the court may censure, and perhaps expunge, as was intimated by Lord Mansfield in the case cited: but mere coarseness cannot divest the party of the shield which the fact gives him.
We find it quite difficult to come to the conclusion, that the charge of wilful false swearing here was not pertinent to the matter before the vice-chancellor. The plaintiff had given the complainant, as he alleges in his affidavit, all the information stated in her bill to be on information and belief. The veracity of the complainant, to the mind of the defendant,' may have been a material question, as it was on his alleged information that the principal statements in the bill rested. The defendant, after this, was not restricted to a mere denial of those facts; nor to the simple statement that the plaintiff was in an error, in respect to them. It was competent for him, if he had reason to think his interest in the suit would. be advanced thereby, not only to say that the affidavit of the plaintiff in whole or in part, was false, but wilfully false, which is tantamount to what he did state; Hodgson v. Scarlett, (1 B. & Ald. 232 ;) was an action for defamation, against the late Lord Abinger, for words spoken by hM as counsel in a cause, pertinent to the matter in issue. The language of the defendant there was very strong. It was, that “ Hodgson was a fraudulent and wicked attorney, and that the act done by him was one of the most profligate things he ever knew done by a professional man.” The plaintiff was nonsuited on hts opening; and the court, in full bench, *201 sustained the nonsuit. Bayley, J. says, “ if the epithets were not warranted, the judge, in his summing up, might set it right; but that there were facts in the case that would nonsuit strong expressions on the part of the defendant. The court held, that an action for defamation will not lie against a barrister for words spoken by him as counsel in a cause, pertinent to the matter in issue. If the facts be pertinent or relevant, the party using the words comes within the protection of the law, and this protection will not be forfeited by the use of strong language. As Lord Ellenborough said, in the case last cited,1 there are hardly ever any expressions of discommendation, in which there is not some excess.” ’
The privilege of parties, attorneys, counsel and solicitors, is complete as to matter pertinent or material, and malice cannot be predicated of what is so said or written. (Gilbert v. The People, 1 Denio, 41.) There, the defendant commenced a declaration which he drew in a justice’s court, with matter palpably irrelevant and vituperous. No sane man could have believed it could have any legitimate connection with the suit; and the court justly held the author of it responsible. But where matter is put forth by a party, or his attorney or counsel, in the course of a judicial proceeding, which may possibly be pertinent, courts should not, and will not, feel disposed so to regard it as to deprive its author of his privilege and protection. I concur in the sentiment of our present Chief Justice arguendo, in Ring v. Wheeler, (7 Cow. 729,) that counsel should not be embarrassed by continually balancing in his mind whether the remark he is about to make be slanderous or not. The privilege to parties to a legal proceeding, or to their attorneys or counsel, is absolute and unqualified, if what they say or state be pertinent, and it is difficult, if not impossible, to find a case where either has been held liable, except where the matter spoken or published was grossly and palpably impertinent. Where it is fairly debateable whether the matter is relevant or not, we would incline to give the party or counsel using the words, the benefit of the doubt which may fairly exist as to its pertinency. In this case, we consider the matter alleged to be libellous, relevant.
*202 There is another class of cases, which belong to privileged communications in the course of judicial proceedings. It is where words are used in good faith under a belief that they are relevant and proper. (Hastings v. Lusk, 22 Wend. 421.) In cases belonging to this class, malice in fact may be inferred from the language of the communication itself, as well as from extrinsic evidence. This we held in Suydam v. Moffat, (1 Sandf. R. 459.) The present case does not fall within this class. We regard the defendant here as privileged, so that no one can allege that he acted with malice. A nonsuit must be granted, under the stipulation to that effect in the case.