By the Court.—Ingraham, J.
The complaint in this action alleges :—
That one Marie Prescott commenced an action against the defendant, Sinclair Tousey, as president of the American Mews Company, for libel, founded on a publication in a certain newspaper, and set forth the publication, the material portion of which, so far as this action is concerned, is as follows : _“He had written an article for the D. News, and he then showed it to her. She said it would be fearfully damaging to you. She implored him not to send the article. He said, that if you hadn’t some friend who would stop it, you -were a ruined woman, for he had been already written to, to inquire if your children were *87 illegitimate, and what he was instructed chiefly to ascertain was if your character was decent. No friend with the needful coming forward, they cast the uneradicable stigma of bastardy on two innocent and helpless little children, left broken-hearted the actress mother, and recorded of the woman herself, who was then struggling hard to support all three, that she had become a certain man’s mistress.”
That in the answer to the complaint in that action the defendant alleged as follows : Third defense. “ For a further and third defense to said amended complaint, and in mitigation of damages, the defendant alleges on information and belief that at the time of the publication in said newspaper, called Nym Crinkle, of the article contained in said amended complaint, plaintiff was, and for a long time prior thereto had been, a woman of bad character as ■ to chastity, and was an unchaste woman, and had frequented and been an inmate of a house of prostitution in the city of New York and elsewhere, and that she had lived with various men in the city of New York and elsewhere as a mistress.”
That subsequently, on motion of the plaintiff in said action, and on opposition of the defendant, an order was entered, whereby it was ordered “ that within five days after service of this order upon the defendant, said defendant serve upon the plaintiff a bill of particulars of a part of the third defense contained in the defendant’s answer herein, specifying .... the name or names of the individual or individuals whose mistress plaintiff is therein alleged to have been, together with the date or dates of such alleged fact.”
That in compliance with said order, the defendant in said action served a bill of particulars, wherein it is alleged as follows : “ That plaintiff became the mistress of William Perzel in the year 1880, and was and continued to be his mistress during the months of October, November and December,-1880, and ever since has continued to be and now is his mistress.”
*88 The original action was founded on the article published in 15 Nym Crinkle,” a newspaper published in the city of New York, of the issue of August 6, 1881. The answer and the bill of particulars in said action, were signed by the defendant Spooner as attorney for the defendants therein, and verified by the defendant Tousey.
This action is brought to recover for a libel upon the plaintiff contained in the statement of the bill of particulars above set forth. The case came on for trial before a jury, and on the opening of the case on motion of the defendant, the court dismissed the complaint, and from the judgment entered on such dismissal, plaintiff appeals.
The law is well settled that a party, and his attorney and counsel, conducting a judicial proceeding are privileged in respect to words or writing used in the course of such proceeding reflecting injuriously on others, when such words and writing are material and pertinent to the question involved, and that within such limits the protection is complete, irrespective of the motive with which they are used (Marshal v. Elsworth, 50 N. Y. 309); and malice cannot be predicated on what is so stated or written.
“ Where the matter is put forth by a party or his attorney or counsel, in the course of the proceeding, which may possibly be pertinent, the court should not and will not feel disposed so to regard it as to deprive its author of his privilege and protection. Where it is fairly debatable whether the matter is relevant, we are inclined to give the counsel or the party using the words the benefit of the doubt which may fairly existas to'its pertinency ” (Warner v. Paine, 2 Sandf. 201). And where a party or his counsel in the course of a judicial proceeding, used the words complained of in good faith, supposing them to be pertinent and without malice or any intention of slandering or libeling the plaintiff, the defendant is protected (Warner v. Paine, supra; Hastings v. Lusks, 22 Wend. 409).
In order, therefore, to sustain the dismissal of the complaint in this action, it must appear from the complaint itself that the words complained of were written in the *89 course of a judicial proceeding, and were relevant and pertinent to the matter in question, or that the defendant used them in good faith, supposing them to be pertinent and without malice.
That the words complained of were used" in the course of a judicial proceeding is admitted, but it is claimed by the plaintiff that they were not pertinent to the controversy.
■ The third defense in the original answer does not attempt to allege particular facts. It says that the plaintiff was, and for a long time prior thereto had been, a woman of bad character as to chastity, and that she had lived with various men in the city of Hew York and elsewhere as a mistress. The defendant for his defense rested with that allegation. He did not allege in his answer that the plaintiff in that action was the mistress of the plaintiff here, or any particular fact that could be relied on upon the trial to mitigate the damages.
As the allegation in the original answer stood, plaintiff in this action would have suffered no damage, and under the rule laid down in Hatfield v. Lasher (81 N. Y. 246), particular facts could not have been proven, at any rate "without evidence that such facts were known to the defendant at the time of the publication of the original libel.
The plaintiff in that action, however, on application to the court, and notwithstanding the opposition of the defendant, obtained an order compelling the defendant to specify the name or names of the individual or individuals whose mistress plaintiff is alleged in the answer to have been. For that order the defendants are not responsible. It was made against their objection, and they were bound to comply with its terms, and for a failure to comply therewith the court had power to strike out the answer (Gross v. Clark, 87 N. Y. 272).
Can words written which are necessary to comply with the terms of such an order be malicious, or can malice be predicted of what is so written ? I think not. *90 The service of the bill of particulars was not for the benefit of the defendant in that action. It did not aid his defense, but was required by the court for the protection of the plaintiff there. It was given under compulsion, and every presumption of malice which the law implies from written or spoken words, is rebutted by the existence of such facts.
Mor can the allegation in the bill of particulars be considered irrelevant. The order granting the bill of particulars was an adjudication in that suit that the defense was relevant, and that for plaintiff’s protection the particulars of the defense must be specified.
Under all the circumstances, I am of the opinion that the allegations of the bill of particulars were privileged, and the judgment should be affirmed, with costs.
O’Gorman, J., concurred.