(21 Misc. Rep. 176.)

SOMMERS v. CHRISTIANO.

(Supreme Court, Special Term, New York County. August, 1897.)

LIBEL—ARREST—MALICE—PRIVILEGE.
 In an action for libel based on an affidavit made by defendant in another legal proceeding, to which he was not a party, the claim of privilege will not exempt him from arrest, where plaintiff averred, in the affidavit for the order of arrest, that defendant made the libelous charge in such affidavit falsely, maliciously, and purposely.

Action by Lottie Sommers against Donato Christiano for damages for libel. On motion of defendant to vacate an order of arrest. Denied.

Reno R. Billington, for plaintiff.
William Byrnes, for defendant.

RUSSELL, J. The defendant claims exemption from arrest in this action for damages on account of an alleged libel on the ground that the libelous article was privileged. As the motion to vacate the order of arrest attacks the right of action itself, an examination of the right to recover upon proof of the allegations of the complaint becomes necessary to reach a conclusion here. The libelous words were placed in an affidavit made by the defendant in another proceeding brought by one Jennie Homer, the young mother of a child, Arthur Homer, alleged to be illegitimate, who was placed, through the action of Magistrate Simms, upon legal proceedings instituted by the Society for the Prevention of Cruelty to Children, under the care of a benevolent society, the Missionary Sisters of the Third Order of St. Francis, in the city of New York. The sisters committed the care of the child to the plaintiff in this action, Mrs. Sommers, she having previously had charge of the child at the request of the mother, Jennie Homer, and an attachment having arisen between the child and Mrs. Sommers. The mother, Jennie Homer, after the child had been taken

from her care by the intervention of the Society for the Prevention of
Cruelty to Children, instituted habeas corpus proceedings before Jus-
tice Beekman, against Mrs. Sommers, and the affidavit made by the
defendant here, Donato Christiano, upon the traverse of the return
to the writ of habeas corpus, furnishes the ground for the cause of
action stated in the complaint.   In that affidavit the defendant,
Christiano, after stating knowledge of the relator and the respondent,
averred, upon his own personal knowledge, "that the apartments of
the said respondent at No. 122 Third avenue in said city are used and
frequented by female persons of notoriously bad character, with the
knowledge and consent of the respondent; that the said rooms are a
resort for disreputable persons of both sexes, who carry on their con-
versation, and the females smoke, in presence and hearing of the in-
fant, Arthur."   In the affidavit for the order of arrest, the plaintiff
here avers that Christiano made that charge in his affidavit falsely,
maliciously, and purposely.   It will be thus seen that not only is the
averment that the charge is untrue, but that it was made with ex-
press malice, for the purpose of injuring, and with knowledge of its
untruthfulness; and so is presented a case where, if the facts are as
charged, the shield of privilege is sought to be used for the express
purpose of using in court, and placing upon the court records, a writ-
ten statement, under oath, designed purposely to injure the character
of the plaintiff in the most serious way.

A review of some of the authorities in analogous cases may be use-
ful.   The general rule is that an affidavit used in judicial proceedings
is privileged as to pertinent and material matter.   Warner v. Paine,
2 Sandf. 195; Garr v. Selden, 4 N. Y. 94.   Witnesses and parties may
testify to anything material upon motion or trial, provided no malice
and want of probable cause be shown.   Streety v. Wood, 15 Barb.
105.   It follows, therefore, that the ordinary presumption is that an
affidavit used upon a motion is privileged, and the plaintiff must as-
sume the burden of proving express malice; the ordinary course of
proving a libelous charge and resting not being sufficient.   Lovell Co.
v. Houghton, 116 N. Y. 525, 22 N. E. 1066; Klinck v. Colby, 46 N. Y.
429; Hovey v. Rubber Tip Co., 57 N. Y. 125.   It may be, also, that
proof of the falsity of the charge in chief, with proof of the libelous
article, will not be sufficient to raise the presumption of express malice.
Younger v. Duffie, 26 Hun, 444; Moak, Underh. Torts, 146, cases cited.
But in this case the plaintiff has by a charge assumed the burden of
proving the falsehood, the malice, the intent.   If she succeeds in
making satisfactory proof upon those subjects, she has established
her cause of action.   The law will not permit the shield of privilege
to prevent redress from a malicious wrong.

An examination into the facts of the truth of the charge of the
defendant against the character of the plaintiff is unnecessary here,
for in this proceeding the defendant does not seek to establish the
correctness of his previous charge.   He only seeks to deny malice,
and the inference that he is practically a foreigner.   The motion to
vacate must be decided upon the verified cause of action, as alleged by
the plaintiff; and, upon all the proceedings and affidavits used upon
the habeas corpus matter, as well as the papers in this action, the

plaintiff makes a fair case of express malice on the part of the defendant. The motion is, therefore, denied, with $10 costs.

Motion denied, with $10 costs.