MORRIS FEINSTEIN et al., Plaintiffs, *v.* ARTHUR A. KAYE et al., Individually and as Copartners Doing Business under the Name of MONROE, BYRNE & KAYE, et al., Defendants.

Supreme Court, Special Term, Kings County, June 12, 1945.

*Monroe, Byrne & Kaye* for defendants.

*Herman M. Frank* for plaintiffs.

RUBENSTEIN, J.   Defendants move for summary judgment dismissing the complaint under rule 113 of the Rules of Civil Practice.   The plaintiffs are Morris Feinstein, his wife and daughter, and the defendants are Arthur A. Kaye, a member of the bar, his law partners and the Brooklyn Edison Company, their client.

The complaint purports to set up a cause of action for alleged slanderous words uttered by the defendant Kaye during summation in the trial of an action in which plaintiffs sued the corporate defendant to recover money damages for an alleged assault.   The present motion is based upon the official stenographic minutes of that trial, including the exhibits received.   Reference thereto discloses the following facts:

Morris Feinstein, an electrician, was suspected of misappropriating the corporate defendant's electric current, and as a result his place of business was kept under surveillance.   On October 17, 1940, when he was temporarily absent from his store, the defendant's agents attempted to gain access to the cellar for the purpose of inspecting the electric meter.   When Feinstein returned and found the agents on the premises he " fought like a madman " and " unmercifully " beat one of them.   The wife and daughter, who were present during the fracas, claimed that they were assaulted by the agents.   Several arrests were made and Feinstein was subsequently convicted of misappropriating electric current and of assault.   Defendant's agent, however, was acquitted of the charge of assault.   Thereafter, the wife and daughter sued to recover money damages for the alleged assault and Feinstein sought to recover damages for the deprivation " of the services and consortium of his wife."   Defendant's answer in that action alleges that its employees " were set upon and attacked by some or all of the plaintiffs ", that its agent was " assaulted and severely beaten by said plaintiff Feinstein " and that the assault was begun and continued to prevent and hinder such employees from inspecting the meter on the premises.

At the time of the trial plaintiff wife claimed that she was rendered sick and disabled as a result of the beating she had allegedly received.   Hospital records were offered in evidence which showed that she had been " a known diabetic " for about

ten years, and Feinstein himself testified that she had suffered " eight miscarriages." In summing up at the trial the defendant Kaye spoke of the plaintiff Morris Feinstein as follows: " Any man whose wife had eight miscarriages was a brute." Counsel's summation was not taken down by the court reporter so that the only reference to this alleged slanderous statement is that contained in the trial court's charge. It is evident from all the papers submitted herein, however, that the words were uttered while counsel was discussing Feinstein's suit for damages predicated upon his claim for alleged loss of consortium and also in connection with the defendant's contention that Morris Feinstein had provoked the assault. It is to be noted that the jury rendered a verdict in favor of the defendants in all the cases.

Plaintiffs now contend that the verdict was induced to a great extent by the afore-mentioned characterization with respect to Feinstein, that the statement was foreign to the issues in the case, that Feinstein was branded as a criminal thereby, that the other plaintiffs were exposed to ridicule and disgrace and that as a result they all suffered mental and physical distress, pain and anguish.

In addition to denials which put in issue the essential allegations of the complaint, the answer of the defendants sets up an affirmative defense of absolute privilege founded upon facts established in the assault action. Defendants assert that the present application should be granted for two reasons: first, that the words alleged to be slanderous were pertinent and material or were otherwise sufficiently related to the questions before the jury in the assault action as to be absolutely privileged; and second, that the complaint does not state facts sufficient to constitute a cause of action in that the spoken words are not slanderous per se and no special damage is alleged.

Before discussing either of the two grounds urged by the defendants, I want to point out that I believe the innuendo that Feinstein was " criminal " to his wife is not warranted by the words used. Their meaning is obvious and an innuendo may not be used to alter or extend their sense. (*McNamara* v. *Goldan,* 194 N. Y. 315; *Hoeppner* v. *Dunkirk Printing Co.,* 254 N. Y. 95; *Brodek* v. *Jones,* 212 App. Div. 247.)

The question of when spoken words are slanderous per se has been considered at some length in *Torres* v. *Huner* (150 App. Div. 798) and *Pollard* v. *Lyon* (91 U. S. 225). In *Piciulo* v. *Ely* (166 N. Y. S. 610) it was held that the words " You are the last of the bum tenants in this building " were not slanderous per se. In *MacIntyre* v. *Fruchter* (148 N. Y. S. 786)

it was held that the words " You are a dirty bitch " were not slanderous per se. In *Winchell* v. *Argus Co.* (69 Hun 354) words somewhat similar to those used here were held not to be slanderous per se. There the plaintiff was characterized as " A lazy brute, lives in idleness and lets his family starve." The court held, however, that if the words had been printed they would have been libelous per se. Applying the tests laid down in the foregoing citations, it would appear to me that the words used by the defendant Kaye were not slanderous per se.

In any event, if the words used by Kaye were pertinent or relevant to the issues in the assault action, then, of course, they are privileged and defendants must prevail. (*Hastings* v. *Lusk*, 22 Wend. 410; *Sickles* v. *Kling*, 60 App. Div. 515.) It is also well established that the issue of pertinency or relevancy is one of law for the court to determine. (Seelman Libel and Slander, p. 169; *People ex rel. Bensky* v. *Warden, etc.*, 258 N. Y. 55.) In passing upon that question our courts are liberal and the privilege has been held to embrace everything that may possibly be pertinent (*Youmans* v. *Smith*, 153 N. Y. 214; *Andrews* v. *Gardiner*, 224 N. Y. 440), and where it is fairly debatable whether the subject matter may or may not be relevant the courts are inclined to give counsel using the words the benefit of such doubt. (*Warner* v. *Paine*, 2 Sandf. 195, 201.)

A well-stated pronouncement of the law controlling the existent facts is found in *Youmans* v. *Smith* (*supra*, pp. 219–220), where the court stated: " The law governing the privilege of parties and their counsel, so far as applicable to the case in hand, was well stated by Judge GROVER in *Marsh* v. *Ellsworth* (50 N. Y. 309, 311), as follows: ' A counsel, or party conducting judicial proceedings, is privileged in respect to words or writings used in the course of such proceedings reflecting injuriously upon others, when such words and writings are material and pertinent to the questions involved; * * * within such limit, the protection is complete, irrespective of the motive with which they are used; but such privilege does not extend to matter, having no materiality or pertinency to such questions.' (*Gilbert* v. *People*, 1 Denio, 41; *Hastings* v. *Lusk*, 22 Wend. 410; *Ring* v. *Wheeler*, 7 Cow. 725.) In applying this principle the courts are liberal, even to the extent of declaring that where matter is put forth by counsel in the course of a judicial proceeding that may possibly be pertinent, they will not so regard it as to deprive its author of his privilege, because the due administration of justice requires that the rights of clients should not be imperiled by subjecting their legal advisers to the

constant fear of suits for libel and slander. (*Hastings* v. *Lusk, supra; Warner* v. *Paine,* 2 Sandf. 195, 201; *Brook* v. *Montague,* Cro. Jac. 90; *Hodgson* v. *Scarlett,* 1 B. & Ald. 232; *Missouri Pacific R. Co.* v. *Richmond,* 4 L. R. A. 280, note; Cooke's Law of Defamation, 63.) ''

Another statement of the applicable rule is found in *Warner* v. *Paine* (2 Sandf. 195, *supra*), where the court said, at page 201: '' I concur in the sentiment of our present Chief Justice *arguendo,* in *Ring* v. *Wheeler* (7 Cow. 729), that counsel should not be embarrassed by continually balancing in his mind whether the remark he is about to make be slanderous or not. The privilege to parties to a legal proceeding, or to their attorneys or counsel, is absolute and unqualified, if what they say or state be pertinent, and it is difficult, if not impossible, to find a case where either has been held liable, except where the matter spoken or published *was grossly and palpably impertinent.* [Italics supplied.] Where it is fairly debatable whether the matter is relevant or not, we would incline to give the party or counsel using the words, the benefit of the doubt which may fairly exist as to its pertinency." (See also *Kraushaar* v. *Lavin,* 39 N. Y. S. 2d 880.)

The defendants argue, and I think correctly so, that with respect to the plaintiff Morris Feinstein this case does not present the abstract question whether any man whose wife has had eight miscarriages is a brute, but rather whether any man implicated as Feinstein was in the assaults and the attendant charges and suits arising therefrom may be pertinently so characterized. It would appear to me that the words in question were applied to Feinstein as a comment on all the evidence the jury had heard and seen during the trial. Considering all the circumstances, I am of the opinion that counsel's remarks were not grossly or palpably impertinent but, on the contrary, that they were relevant to the issues involved and therefore absolutely privileged. In this connection what was stated by the court in *Sickles* v. *Kling* (60 App. Div. 515, 520, 521, *supra*) is apropos. Counsel's '' conclusion may be lame and impotent, his inferences far-fetched or feeble, but so long as they can be deemed to be possibly pertinent, so long are they protected.''

It also seems clear that no cause of action is stated by the wife and daughter. The word '' brute '' had no relation to them and it has been held that a libel or slander upon one member of the family does not give the others any cause of action. (*Rose* v. *Daily Mirror, Inc.,* 284 N. Y. 335; *Wellman* v. *Sun Printing & Pub. Assn.,* 66 Hun 331; *Garrison* v. *Sun Printing and Publish-*

*ing Assn.*, 74 Misc. 622, affd. on another point 150 App. Div. 689, affd. 207 N. Y. 1).

The conclusion I have reached as to the foregoing renders it unnecessary for me to discuss any of the other points raised by counsel. Plaintiffs, in my opinion, have failed to make a showing sufficient to raise an issue with respect to the verity and conclusiveness of the documentary evidence and official records produced on the motion by the defendants, and consequently defendants' motion for summary judgment is granted.