## Redding v. Dun & Bradstreet, Inc.

*Benjamin Pomerantz,* for plaintiffs.

*Dilworth, Paxson, Kalish, Kohn & Levy,* for defendants.

WEINROTT, J., June 16, 1969.—Two young sons of an allegedly defamed father have sued in trespass for libel and slander. Their suit alleges that defendant corporation and two individual defendants "forwarded alleged confidential reports which constituted slander and libel on the character and reputation of Bruce K. Redding to various individuals and businesses." The contents of the alleged libels are not stated, nor are any further details set forth. As a direct result, however, it is asserted, the minors have been ridiculed and demeaned, they have been rendered despondent and resentful, and their lives have been destroyed. They claim $1,000,000 as compensatory damages and $2,000,000 as punishment.

One individual defendant has been eliminated by stipulation. The other, and the corporate defendant, have filed preliminary objections. They set up the lack

of a cause of action in plaintiffs, and defects of form in the complaint.

We need not decide the latter. We rule that in the absence of a defamation directed to the sons themselves they have no cause of action for a libel or slander of their father. That ruling makes it unnecessary also to dispose of objections raised by the defendants to affidavits presented on behalf of the plaintiffs.

Two days before filing their preliminary objections to the complaint defendants took the depositions of minor plaintiffs. Those depositions clarified to some extent the lack of detail in the complaint. The boys, living with their father in Elkins Park, a suburb of Philadelphia, found their playmates dropping away because of stories assertedly emanating from Dun and Bradstreet, a credit-reporting agency, that their father was a "jailbird" and the like. After argument was heard, plaintiffs' attorney presented two affidavits. One, by Karl F. Lindquist, promoter of a nursing home to be built in New Jersey, stated that the father, Bruce K. Redding, had been engaged to build it, but that proposed subcontractors had backed out because of information given out by defendant, Jean Peake of the Dun and Bradstreet office. The information described Mr. Redding as a Negro who had several common law wives and had lived with several women, who had been arrested more than 30 times for fraud and other misdeeds, and who was incapable of handling the contemplated construction. Very recently counsel submitted an affidavit of Davesa Howard, an employe of Bruce K. Redding Inc., stating that she had overheard a telephone conversation between Mr. Redding, who had given a false identity, and Jean Peake. The latter assertedly declared that Redding had been arrested more than 35 times, convicted as many as 30 times for various felonies, was "a Nigger of half Irish or Jewish background," had a house full of illegitimate

children, was dishonest, incapable of doing any heavy building, and should be "run out of business."

Those charges, if made as asserted, undoubtedly were violent. But this is not a proceeding for a summary judgment, and the submission of affidavits on the merits is improper. We are limited to the pleadings. The complaint does not state a cause of action in behalf of the children. Even with our knowledge of the asserted defamatory words, we find no direct libel of plaintiffs. The only charge pointing at them is that the father "had a house full of illegitimate children, the offspring of several common-law marriages." The libel is not set forth in the complaint; were it to be added by amendment, it is neither clearly libelous nor identifiable as referring specifically to the plaintiffs.

Regarded in the light most favorable to plaintiffs, what we have here is a suit by members of a family for the defamation of a relative. It is settled law that such a suit is not maintainable: 53 C.J.S. 230; Wright v. R.K.O. Radio Pictures, 55 F. Supp. 639 (D.C. Mass. 1944); Constitution Pub. Co. v. Leathers, 48 Ga. App. 429, 172 S.E. 923 (1934); Feinstein v. Kaye, 57 N.Y.S. 2d 54, 185 Misc. 185 (1945), affd. 59 N.Y. S. 2d 277, 269 App. Div. 1044 (1945), appeal denied 59 N.Y. S. 2d 628, 270 App. Div. 765 (1946); Wildstein v. New York Post Corp., 243 N.Y. S. 2d 386, 40 Misc. 2d 586 (1963), affd. 261 N.Y. S. 2d 254 (1965); Benton v. Knoxville News-Sentinel Co., 174 Tenn. 661, 130 S.W. 2d 106 (1939). The only exception we have found, and one on which a conflict exists, is the grant of a right in a wife to sue for the defamation of her husband: Alfone v. Newark Umbrella Frame Co., 13 N.J. Super. 526, 80 A. 2d 589 (1951).

We therefore enter the following:

## ORDER

And now, to wit, June 16, 1969, upon consideration of defendants' preliminary objections to plaintiffs'

complaint in the above entitled suit, and after hearing argument thereon, the court sustains the objections by way of demurrer and dismisses plaintiffs' complaint.