MAREN TOBIASSEN, PLAINTIFF, v. HENRY W. POLLEY ET AL., DEFENDANTS.

Argued June 4, 1921—Decided June 7, 1921.

1. The act of 1906, as amended in 1909 (*Pamph. L., p.* 210), does not authorize a wife to maintain a suit in her own name for damages based on the loss of earning capacity of her husband resulting from injuries he suffers through the negligent act of a third person, for the act expressly reserves to him a right of action for any damages he may have sustained.

2. A wife cannot maintain an action in her own name for the loss of her husband's services, including the right of *consortium* resulting from personal injury to him caused by the negligence of a stranger, and not the result of a malicious interference with her right of *consortium*.

---

On motion to strike out plaintiff's complaint, argued before a single justice under the statute.

For the motion, *Edward M. & Runyon Colie.*

Contra, *Francis A. Gordon.*

The opinion of the court was delivered by

BERGEN, J. ' The complaint in this cause avers that plaintiff is the wife of Thor Tobiassen; that the servant of the defendant, while operating an automobile in the business of the defendant, did not use due care, but recklessly and carelessly, without proper control, ran it against her husband who was, without fault or negligence on his part, thereby permanently injured in body, and also deprived of his reason and mind, because of which the plaintiff has lost the benefit of his earning capacity, support, care, protection, comfort, society, confidence and aid. The complaint is similar in form to one applicable in a suit by a husband against a third party for an assault on his wife. The defendant moves to strike out the complaint upon the ground that a wife cannot maintain an action at law against a third party for injuries to her husband, based alone upon a negligent act free from malice, to recover for loss of earning capacity, and deprivation of the comfort and society of her husband, commonly called the right of *consortium*. No objection to the form of the complaint was raised on the argument, and it was assumed to be sufficient if the wife could maintain the action on the facts stated. It was conceded that no such action would lie at common law, and the plaintiff relies on our statute (*Pamph. L.* 1906, *p.* 525) entitled "An act for the better protection and enforcement of the rights of married women," which, as amended (*Pamph. L.* 1909, *p.* 210; *Comp. Stat., p.* 3236), enacts that "any married woman may maintain an action in her own name without joining her husband therein for all torts committed against her, or her separate property, in the same manner as she lawfully might if a *feme sole,* provided, however, that the husband of such married woman may join in such action his claim for any damages he may have sustained in connection with or growing out of the injury for which the wife brings her action, but his failure to join shall not prevent his right to maintain a separate action therefor." The proviso in the act of 1909 is an amendment to the act of 1906, and its plain purpose is to reserve to the husband his right of

action for damages he has suffered, which in the present case includes his loss of earning power, and his recovery would enure to the benefit of his wife in that particular, and, consequently, she could not be damaged in her separate property by loss resulting from the depreciation of his earning power. If the wife be allowed to recover on that part of the complaint, rested on the loss of the earning capacity of her husband, he could bring his action and recover for the same element of damage and thus there would be two separate recoveries for the loss of the earning power of the husband, and this could not have been the legislative intent in reserving to the husband his right of action for the injury he sustained growing out of the injury for which the suit by the wife was brought, and, as the complaint joins the two elements stated, as a composite cause of action, the motion to strike it out must prevail. The defendant, however, urges that even if the complaint was rested alone upon the loss of the right of *consortium*, resulting from an injury to the husband caused by defendant's negligence, it would not state a legal cause of action. The weight of authority to be gleaned from the reported cases in our sister states is that a wife cannot maintain an action in her own name for the loss of her husband's services, including the right of *consortium*, resulting from personal injury to him caused by the negligence of a stranger, and not the result of a malicious interference with the society, companionship and right of *consortium* of her husband. It was so held in the following cases: *Smith* v. *Nicholas Building Co.* (*Supreme Court, Ohio*), 112 *N. E. Rep.* 204, where the husband was injured in an elevator of defendant and his mental condition impaired thereby; *Brown* v. *Kistleman et al.* (*Ind.*), 98 *Id.* 631, where the husband had lost his eyesight; *Emerson et al.* v. *Taylor* (*Md.*), 104 *Atl. Rep.* 538, where right of action was denied to wife to recover for loss of *consortium* based on personal injury to husband. The opinion in the case last cited deals with the entire subject in a most excellent manner, discriminating and reconciling cases urged to be conflicting, and exhibiting a careful examination of the

authorities, a large number of which are cited, and, in my opinion, justified the conclusion that a wife cannot recover damages for loss of *consortium* resulting from personal injuries sustained by her husband through the negligent act of a third person. The plaintiff argues that in this state the rule prevailing in almost every other jurisdiction has been repudiated in *Sims* v. *Sims,* 79 *N. J. L.* 577. That case only decided that malicious alienation of a husband's affections was a direct injury to her in the nature of a tort on which she could maintain an action in her own name, which is a legal proposition approved by most of our courts, and well expressed in *Emerson* v. *Taylor, supra,* as follows: "In such cases the injury to the woman is direct, and hence of legal necessity the damages must be to her solely, and therefore the suit can be maintained in her own name." The case of *Sims* v. *Sims, supra,* only decides the question presented, which was whether a married woman could, under the statute of 1906, maintain in her own name an action for damages against a party who maliciously alienated from her the affections of her husband, and it was held that in such a case the wife suffered a direct injury in the nature of a tort, damages for which the statute permitted her to sue for in her own name, the reason given being that while the common law recognized the right it had provided no remedy and that the statute of 1906 supplied the remedy. The common law recognized no right of a wife to damages for loss of *consortium* resulting from personal injuries sustained by her husband. The act of 1906 provides no new cause of action, nor does it declare that a tort against her husband, devoid of any malice towards the wife, became by implication a tort from which she suffers and for which she can maintain an action in her own name.

For the reasons stated the complaint will be stricken out, with costs.