DR. J. A. BUTLER v. C. E. STITES, et al.

Middle Section. April 10, 1928.

E. D. White, of Livingston, and Bockman & Haile, of Cookeville, for plaintiffs in error.

O. K. Holladay and Worth Bryant, of Cookeville, for defendant in error.

DeWITT, J.  This was an action brought jointly by a husband and his wife for slander to the wife.  The jury returned a verdict in their favor for $10,000, but the trial judge suggested a remittitur of $2500, which was accepted under protest by the plaintiffs.  Both plaintiffs and defendant have appealed in the nature of a writ of error and have assigned errors in this court.  The slanderous words set forth in the declaration were actionable per se under section 5155 of Shannon's Code.  The declaration contains no averment of special damages from the slander suffered by the plaintiff C. E. Stites. The declaration concludes, "wherefore the plaintiffs sue the defendant for $25,000 as damages as aforesaid, and demand a jury to try the issues to be joined."  Upon the trial the husband, C. E. Stites, was permitted, over the objection of defendant, to testify as to the

effect which the charges made against his wife by the defendant had upon him; whether or not they worried him. He testified that he heard of these charges; that they naturally worried him very much; that when he would go among his friends he could not avoid thinking about the charges, because he did not know what his friends might think about them after hearing what had been said; that it just gave him a kind of a bad feeling, naturally would, when he would go around among his friends knowing that they knew about it, what had been talked.

In his instructions to the jury the trial judge said:

"If you find for the plaintiffs you will award them such damages as in your judgment reasonably compensate them for the injuries inflicted, if any, on account of the slanderous words complained of, taking into consideration in estimating the damages, the manner in which the statements were made, and the time and circumstances under which they were made, as well as other evidence adduced tending to show the manner and purpose of the same, and while the amount to be awarded is in your sound discretion, and not to exceed the amount alleged in the declaration, that discretion should be exercised without passion and prejudice, to the end that your action be fair and just. And you will report a verdict for such amount of damages as will reasonably compensate the plaintiffs for the wrongs and injuries sustained."

The admission of this testimony and the joining of the husband as plaintiff in the action are assigned as error.

No slanderous utterances against C. E. Stites were averred in the declaration, nor did it show whether he was suing in his own right or joint right of himself and his wife, or solely in the right of his wife. A demurrer was interposed based on this joinder of the husband, but it was overruled by the Circuit Judge.

At common law an action for an injury to the character of the wife by reason of slander or libel, when the words were actionable per se, could not be brought by the husband alone nor by the wife alone, but both must join in the action. 30 C. J., 971; Newell on Slander and Libel, 4 Ed., sec. 315. In such case the husband was joined pro forma, but the action was for the benefit of the wife. In 17 R. C. L., page 375 the rule is stated as follows:

"At common law when words actionable per se are spoken of a married woman, she may either sue alone, although this has been denied by some authorities, or she may join her husband as co-plaintiff; in the latter case he will be entitled to recover in the same action for any special damage that may have occurred to him. Generally, in the case of torts to a married woman, two causes of action usually arise at common law, the

one to the husband personally for the loss of his wife's services and companionship and the incidental medical and similar expenses incurred by him, for which he must sue alone; the other for the suffering of the wife or injuries personal to her for which the husband and wife usually join in bringing a suit. At common law these two causes of action cannot be joined in one action either by a husband alone or by the husband and wife.'' 13 R. C. L., page 1434.

The rule is universal that for language concerning a married woman, but actionable by the husband only because of special damage, he must sue alone. In other words, while at common law he must join with his wife in suing for damages incurred by her, if he has suffered special damage from the defamation of the wife, he must bring a separate suit for himself. Townshend on Slander, sec. 301; Gazynski v. Colburn, 64 Mass., 10; Harper v. Pinkston, 112 N. C., 293, 17 S. E., 161; Hart v. Crow, 7 Blackford (Ind.), 351; Fero v. Contreaso, 13 Pa. Dist., 394. Our Married Woman's Emancipation Statute, chapter 126, Acts of 1919, enables the wife to sue and to be sued with all the rights and interests thereof as if she were not married. Knoxville Railway & Light Company v. Vangilder, 132 Tenn., 487, 178 S. W., 1117. Therefore the plaintiff Mrs. Stites could have brought this suit without joining her husband as co-plaintiff. We need not determine whether this is mandatory or optional; whether the wife's right to sue solely imports an obligation or mere privilege to do so. The rule is universal that where the husband joins with his wife as co-plaintiff in an action based upon words actionable per se, spoken of her, he will in any event be entitled to recover in such action only for any special damage that may have accrued to him. Odgers on Libel and Slander, 5 Ed., page 567; Garrison v. Sun Printing & Publishing Association, 207 N. Y., 1, 100 N. E., 430; 45 L. R. A. (N. S.), 766, and cases cited in the annotations. Now whether the husband can in any event recover for himself in a joint action with the wife for slander to her, or must bring a separate action, he must show a special damage. In Newell on Slander and Libel, sec. 679, the rule is stated as follows:

''The general rule, as stated by Starkie, is that no evidence of special damage is admissible, unless it be averred in the declaration, whether the special damage be the gist of the action or be used as matter of aggravation, the words being in themselves actionable.''

The husband does, of course, have a vital interest in the reputation of his wife. It is not her separate property, it is his property as well. Anderson v. Pack, 4 Ohio Dec., 495. But he must recover either in a separate action or in a joint action, and in order to do so he must aver special damages in his declaration. If he does not

do so then the admission of evidence, as in this case, showing the effect of the slander upon his own feelings, his humiliation, his mental anguish is erroneous. The judgment entered here is to the benefit of the husband and wife. It is impossible to tell which part of it belongs to the husband and which part to the wife. We cannot know how much was awarded by the jury for the injury to the feelings of the husband, and how much was awarded to the wife. The case of Fero v. Contreaso, supra, is quite in point. The opinion delivered by a District Judge very clearly sets forth the fatal difficulty. That suit was brought by both husband and wife for slander upon the wife. The court said:

"The words were not spoken of the husband, how the husband was injured thereby does not appear. But if he was, and he may have been, can he bring suit with his wife? If he can, and there is a verdict for plaintiffs, to whom will it belong?"

Under the Pennsylvania statute then in force the right of the wife for a tort done to her was her separate property. This is the law in Tennessee. It was held in that case that the action was brought improperly to assert the rights of two people alleged to have been injured by a slander uttered against one. We think that the reasoning of that case was perfectly sound. Under the rules set forth, all of which are well settled, it follows inescapably that the plaintiffs should not have been permitted to introduce testimony as to the effect of the slander upon the feelings of the husband. The husband was merely a nominal plaintiff. The action in this form, without any averment of special damages to the husband, could only be entertained for the benefit of the wife; evidence was admissible only to show the wrong done and the damage suffered by her. This error manifestly affected the verdict of the jury. It is insisted that the court erred in overruling the defendant's motion to dismiss the action because of duplicity in the declaration. The declaration contains two counts, each setting forth defamatory words alleged to have been uttered by the defendant toward the plaintiff Mrs. Stites. These words are almost the same in the two counts, but there is some difference. It is not necessary to prove the exact and precise words laid in the declaration; it is sufficient to prove the principal and substantive words laid, importing the slanderous charge. Hancock v. Stephens, 11 Humph., 507. The rule is that in an action for slander, but possibly uncertain what the slanderous words were, the plaintiff may state one set of words in one count and another set in another, and so varying them in as many different ones as he chooses. Then if the evidence established either set of words the plaintiff recovers. Caruther's History of a Lawsuit, 4 Ed., page 107. There is no merit in this assignment of error.

It is further insisted that the court erred in refusing to sustain de-

fendant's motion to quash because the two counts contained no reference to each other and there is material variance between the summons and the declaration in that in the summons the defendant is suing for the sum of $25,000, and in each count he is suing for $25,000. The proposition is insisted upon that this amounts to a suit for $50,000. There is no merit in this proposition. It is an ancient rule of pleading that the sums so sued for in the various counts of the declaration are not cumulative. Morison's Tennessee Pleadings and Forms, page 160.

The defendant interposed a plea that if he did speak the words alleged, they were true. This plea was stricken out upon motion of the plaintiffs. There was no error in this action of the court for it is the rule that a plea of justification is bad where it does not admit that defendant spoke the slanderous words, but states that if he did he was justified in doing so. A hypothetical form of such plea is insufficient. Williams v. McKee, 98 Tenn., 139, 38 S. W., 730.

It is insisted that the trial judge erred in refusing to permit the defendant to introduce testimony tending to show that the reputation of the plaintiff as to virtue and chastity was bad according to general rumors. This assignment does not comply with Rule 11, section 3 of this court as follows: "When the error alleged is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected, with citation of record where the evidence and ruling may be found." The rule as to the admissibility of such evidence, as set forth in Hancock v. Stephens, supra, is that testimony that there was a report and rumor in the neighborhood that the plaintiff was guilty of the wrong doing imputed, is inadmissible; but that testimony that it was generally reported and suspected that plaintiff was guilty is admissible. In reading the testimony in this record we find that defendant's counsel were allowed to ask many witnesses whether or not they knew what was currently reported and generally believed as to the character of Mrs. Stites. We think that this was the proper method of examination of witnesses as to her character. The assignment is overruled.

For the error of admitting the testimony of the husband as to the effects upon his own feelings of the slanders upon his wife, the judgment of the circuit court is reversed and the cause will be remanded to the circuit court of Putnam county for a new trial. In this disposition of the case upon appeal it becomes unnecessary to consider the assignments as to the amount of the damages awarded. The costs of the appeal will be adjudged against the defendants in error. The costs in the court below will abide the final judgment in this case.

Faw, P. J., and Crownover, J., concur.