BENTON, ADMRX., *v.* KNOXVILLE NEWS-SENTINEL CO.

(*Knoxville*, September Term, 1938.)

Opinion filed July 1, 1939.

GRAHAM & DAVIS, of Knoxville, for plaintiff in error.

FRANK B. CREEKMORE, of Knoxville, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

This is an action of damages for the wrongful death of Fred D. Benton. It is charged in the declaration that as a result of the publication by defendant of a defamatory article on July 5, 1938, affecting the character of Fred D. Benton, he worried to the point of distraction, suffered great mental anguish, fell into a decline in physical health, and that the worry and mental anguish finally affected his heart and caused his death on August 6, 1938.

The trial judge sustained defendant's demurrer to the declaration, and the plaintiff appealed. The appellant says that the principal question presented by the appeal is whether or not an action lies for injury produced by mental anguish, emotion, worry, and fear, that resulted from publication of the libel.

Mental anguish, worry, fear, and loss of health are the several results of the one wrongful act, namely, the libel, and when the cause of action for that wrongful act was abated by death of the person libelled, the con-

sequences of the wrongful act cannot be made the basis of a new cause of action. By the common law, actions for personal injury abated upon the death of the person injured. The survival statute, Code, section 8694, does not preserve causes of action for libel and other actions affecting the character of the injured person. *Akers* v. *Akers*, 84 Tenn. (16 Lea), 7, 57 Am. Rep., 207. The damages recoverable under the survival statute are such as the deceased could have recovered if he had lived. *Loague* v. *Railroad*, 91 Tenn., 458, 19 S. W., 430. Inasmuch as Code, section 8694, creates no new and independent cause of action, but merely preserves the cause of action that belonged to the person injured (*Whaley* v. *Catlett*, 103 Tenn., 347, 53 S. W., 131), and because the statute does not preserve the right of action in cases of libel, this cause of action abated upon the death of Fred D. Benton. When it abated, the consequences that followed the cause of action as elements of damage could not be made the basis of a new action by the widow and next of kin.

We find no error in the judgment of the trial court. Affirmed.