## BENTON *v.* KNOXVILLE NEWS-SENTINEL CO.

*(Knoxville,* September Term, 1938.)

Opinion filed July 1, 1939.

GRAHAM & DAVIS, of Knoxville, for plaintiff in error.

Frank B. Creekmore, of Knoxville, for defendant in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This case is before the court on plaintiff's appeal from the judgment of the trial court sustaining defendant's demurrer to the declaration and dismissing the suit.

Plaintiff brought her action to recover $50,000 damages for alleged injuries to her reputation and character as the result of an article published by defendant of and concerning her husband, Fred D. Benton, who died subsequent to such publication. The article complained of was as follows:

"Sent Car—It was Wrecked

"Frank Hampton, 23 of 615 South Broadway, was charged with the larceny of an automobile. The owner, Fred Benton, 705 Market Street, testified he became sick and asked Hampton to drive him home. Then, he said, Hampton took the car keys from his pocket while he was asleep, drove his car to Jefferson City and wrecked it.

"Hampton said Benton was drunk and gave him permission to 'take his car out and get some girls and have a good time.'

" 'He was drunk and I drove him to his apartment, then out to places to buy more whisky,' he said. 'He gave me the keys and told me to go have a good time.'

"Judge Mynatt altered the charge to criminal trespassing and fined Hampton $50."

Plaintiff alleged in her declaration that the above article was wholly false insofar as statements contained

therein attributed to her husband was concerned. She further alleged as follows:

". . . because of her legal connection and relation with the said Fred D. Benton, now deceased, her said husband, the said parties being as one in fact as well as in legal contemplation, that irreparable injury and damage has been done to her character and that her reputation has been diminished as a result of said deliberately false, malicious and defamatory article, published of and concerning the head of her family as a result of which both before and after the death of her said husband on or about the — day of ——, 1938, she has been held up to the scorn and ridicule of her neighbors and acquaintances, her name has been tarnished and her standing and position in the community and the church lowered and degraded.

"Said false and defamatory statements made of and concerning the said Fred D. Benton, her deceased husband, has caused her great mental anguish, loss of prestige among her religious associates and friends, has held her up to ridicule, ignominy and contempt of her social and religious associates."

It was further alleged that the libelous publication caused her husband loss of prestige in his business, thereby "jeopardizing her security and happiness through its effects upon the family income."

Defendant demurred to the declaration upon the grounds, in substance, (1) that the action for libel on account of said publication could only be maintained by Fred D. Benton; (2) that the cause of action for the alleged libel abated by the death of Fred D. Benton; (3) that no special damages to plaintiff is alleged in the dec-

laration; (4) that the declaration wholly fails to state a cause of action.

The trial judge sustained the demurrer and dismissed the suit.

■ The cause of action that Fred D. Benton had on account of the libelous article abated with his death. Code, section 8694; *Mrs. Caroline Jordan Benton, Administratrix, v. Knoxville News-Sentinel Company,* 174 Tenn., 658, 130 S. W. (2d), 105, this day decided, Opinion by Cook, J.

■■ The proper party to sue as plaintiff in an action for libel is the person directly defamed. 17 R. C. L., 374. It is alleged in the declaration that the article complained of was published of and concerning Fred D. Benton. Plaintiff was not mentioned in the article, directly or indirectly. As wife, she has no cause of action because of the libel of her deceased husband. That cause of action ceased to exist with the death of Fred D. Benton. Family relationship with the deceased does not save the cause of action. In *Bradt* v. *New Nonpareil Co.,* 108 Iowa, 449, 79 N. W., 122, 45 L. R. A., 681, it was held that a mother cannot recover damages for a libelous publication about her deceased son. The court said in that case:

"There was nothing in the article which tended in any manner to reflect on the plaintiff, and her sufferings were of the same kind as that produced by publication upon any of the other relatives or close friends of deceased. To permit a recovery in this case would allow the mother of any person libeled to bring suit in her own name for the consequential damages done to her feelings, and the death of the person libeled would be a wholly irrelevant matter; for the suffering is in kind the same whether the person libeled be living or dead. We have not been cited

to an authority, and, after a diligent search, we have been unable to find one, which authorizes a recovery in such a case. On the other hand, the following cases hold such action will not lie: *Sorenson* v. *Balaban* [11 App. Div., 164], (Sup.), 42 N. Y. S., 654; *Wellman* v. *Sun Printing & Pub. Asso.,* 66 Hun, 331, 21 N. Y. S., 577.''

In *Hurst* v. *Goodwin,* 114 Ga., 585, 40 S. E., 764, 765, 88 Am. St. Rep., 43, it was held that an action for slander of a child was properly brought by her next friend on her behalf. The court said: ''As a general rule, the parent does not sustain damage from the defamation of his child's character, whether that defamation be oral or written; and ordinarily, therefore, the parent cannot maintain an action for slander or libel against the defamer of his minor child's character.'' To like effect is the case of *Pattison* v. *Gulf Bag Co., Ltd.,* 116 La., 963, 41 So., 224, 114 Am. St. Rep., 570.

In Gatley on Libel and Slander (3 Ed.), at page 424, it is stated:

''A cannot bring an action of libel or slander against B for words defamatory of C, . . . But if A has sustained special damage as the direct and natural result of a libel or slander published of C, he may be able to maintain an action on the case in respect of such damage.''

█ To support such an action on the case special damage must be alleged, for it is an action which only lies in respect to such damage as has actually occurred. Gatley on Libel and Slander (3 Ed.), 152.

█ Plaintiff alleged no special damage. The fact that the publication was libelous *per se* as to Fred D. Benton, and would entitle him, were he suing, to damages in some amount as a matter of law, cannot be held

to relieve plaintiff from the necessity of alleging special damages, which alone she would be entitled to recover in an action on the case. A husband may maintain an action to recover damages suffered by him as the result of the libel of his wife. This on the theory of loss of society and services of the wife. *Garrison* v. *Sun Printing & Pub. Ass'n*, 207 N. Y., 1, 100 N. E., 430, 45 L. R. A. (N. S.), 766, Ann. Cas., 1914C, 288. But, whether he sues jointly with his wife or separately, he can recover only for any special damage that may have accrued to him. *Butler* v. *Stites*, 7 Tenn. App., 482; Odgers, Libel and Slander (5 Ed.), 567. The legal principle upon which the husband may sue for damages suffered by him as the result of a libel of the wife—loss of consortium—does not, of course, exist in the case of the wife. Nevertheless, if the wife suffers special damages by reason of the libel of the husband, she may maintain a suit to recover the same. But, such special damages must be pleaded with particularity so that the defendant may be able to contradict it if untrue. Special damages are not pleaded by the general averments in plaintiff's declaration. *Fry* v. *McCord Bros.*, 95 Tenn., 678, 33 S. W., 568.

The trial judge properly sustained the demurrer to the declaration and the judgment dismissing the suit is affirmed. Appellant will pay the costs of the appeal.