13 N.J. Super. 526 (1951)
80 A.2d 589
ALFONSE ALFONE, AND THERESA ALFONE, PLAINTIFFS,
v.
THE NEWARK UMBRELLA FRAME CO., DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided May 3, 1951.
*527 Mr. Jack L. Cohen, attorney for plaintiffs.
Messrs. Schneider & Schneider (Mr. Henry Morgan appearing), attorneys for defendant.
HARTSHORNE, J.C.C.
Defendant moves to strike counts 1, 2, 4, 5, and 7 of the complaint filed by plaintiffs, husband and wife, against defendant for libel and slander.
In substance, count 1 charges the libel of plaintiff husband for "dishonesty," i.e., a charge libelous per se. Count 2 charges the slander of plaintiff husband, for being "a thief," i.e., actionable per se. Count 3 for malicious prosecution of the husband is not attacked. Count 4 is a suit by the wife because of the libel in count 1 against the husband, alleging special damage to her therefrom, in that thereby she was "brought into public scandal"; that her "former associates * * * have refused * * * to have any transactions" with her; that she has thereby been deprived "of the society and comfort of her husband," and has been "deprived of financial support from her said husband." Count 5 seeks for the wife the same damages as in count 4, because of the slander of her husband in count 2. Count 6 is to be amended by counsel. In count 7, the wife sues for a separate slander of herself as "a thief," i.e., a charge actionable per se.
The bases for the attack on counts 1, 2, and 7 are insubstantial and will not be discussed.
The prime question is as to the validity of counts 4 and 5, where the wife sues for damages caused her by the libel and *528 slander of her husband. Defendant, relying on Tobiassen v. Polley, 96 N.J.L. 66 (Sup. Ct. 1921), claims the wife has no such right of action. Plaintiff relies to the contrary on Sims v. Sims, 79 N.J.L. 577 (E. & A. 1910); Commercial Carriers v. Small, 277 Ky. 189, 126 S.W.2d 143 (Court of Appeals, 1939); and McDade v. West, 80 Ga. App. 481, 56 S.E.2d 299 (Court of Appeals, 1949).
The Tobiassen case is not one of libel or slander, but a negligence case. The court there is at great care to distinguish the Sims case. The Sims case deals with alienation of affections, i.e., an intentional act, as is libel and slander, as distinguished from a negligent act. The Sims decision, parenthetically, reversed a contrary decision of the old Supreme Court, which held the wife had no such cause of action, in line with the decision in the Tobiassen case. Indeed, the strong attack made by the court in Hitaffer v. Argonne Co., 183 F.2d 811 (Court of Appeals, 1950) on the rationale of the Tobiassen case, makes interesting reading. See to the same effect Prosser, Torts, p. 948; Harper, Torts, p. 566; 36 Cornell Law Quarterly, pp. 148, 155.
In the Tobiassen case, the court says "a wife cannot maintain an action in her own name for the loss of her husband's services, including the right of consortium, resulting from personal injury to him caused by the negligence of a stranger, and not the result of a malicious interference with the society, companionship and right of consortium of her husband." (Italics ours.) The court there concludes that the Married Women's Property Act does not give the wife a cause of action for "a tort against her husband, devoid of any malice towards the wife."
This careful limitation of the holding in the Tobiassen case to a cause of action for negligence, and its inapplicability to a situation where there was "a malicious interference" with her consortium with her husband, was clearly made requisite by the holding the Sims case. For, in the Sims case our Court of Errors and Appeals considered the entire background, both at common law and under the Married Women's *529 Property Act, of the situation of husband and wife in regard to torts. The court called attention to the fact that "In its early stages the common law notoriously enveloped the identity of the wife and all her possessions in the personality of the husband." P. 579. The court found "that the right of consortium was recognized by the common law as an existing right in the married woman, however, but incapable of enforcement owing to the common law doctrine of identity of personality," quoting Blackstone to that effect. Thus, it was held that the "loss of consortium was an injury to the wife, and that its enforcement was her right * * * from which it follows that if at any time the legislature should remove the common law impediment as to remedy, (as by the Married Women's Property Act, L. 1906, c. 248, sec. 1, p. 525, as am. by L. 1909, c. 138, sec. 1, p. 210, R.S. 37:2-9), the right existing is thus made capable of enforcement under the remedial code." Further, referring to the Married Women's Property Act, our highest court says, "That this act was intended to confer the power upon a married woman to protect and enforce her rights, is the specific announcement contained in its title. * * * the legislative intent which inspired this remedial measure could have been only a desire to confer upon the married woman that equality of remedy as an independent suitor which would enable her to vindicate her right in personam for a tort committed against her, and thus remedy the inequality to which she was subjected by the common law." P. 582.
On general principles, it is thus clear that, except perchance as to negligence actions, of which the Tobiassen case is an instance, intentional torts to the wife are presently suable by her in her own name.
Defendant raises the further point that while this may perchance be true as to intentional torts generally, it is not true as to libel and slander, which are claimed to be peculiarly personal. It is true that, generally speaking, no action lies by a third person for damages suffered by reason of defamation of another person, 53 C.J.S., Libel and Slander, sec. *530 145, and that this applies even to other members of a family. Ibid. sec. 11, p. 53. On the other hand, it has been the common law, literally for centuries, that a husband could sue for words defamatory of his wife, which injure him. See the report in Norman French of the early English case, quoted, with further citations, in Odgers, Libel and Slander (5th ed.), ch. XXI, p. 568. See also to the same effect Newell, Slander and Libel (4th ed.), sec. 314, p. 349; Garrison v. Sun Printing Association, 45 L.R.A. (N.S.) 766 (N.Y. Court of Appeals, 1912), and note. If then, because of the intimate relations between husband and wife, this right has been recognized throughout the centuries on the part of the husband for a libel to the wife, it follows from the rule announced by our highest court in the Sims case, that at least as to intentional torts, the Married Women's Property Act has given her an "equality of remedy as an independent suitor," so that she may now "vindicate her right in personam for a tort committed against her" for this loss of her consortium.
Of course, there can be no double recovery for the "loss of support" due to the libel or slander. Since the source of this support is the husband, and he seeks such recovery in counts 1 and 2, the paragraphs in the 4th and 5th counts seeking recovery therefor will be stricken. Otherwise, defendant's motion is denied.