M. M. Jones *v.* Flo Fleming *et al.*

(*Nashville,* December Term, 1954.)

Opinion filed June 10, 1955.

Stokes & Trimble, of Nashville, and W. A. Richardson, of Columbia, for appellant.

Shelton & Shelton, of Columbia, for appellee Fleming.

MacFarland & Colley, of Columbia, for appellee Middle Tenn. Broadcasting Co.

Mr. Chief Justice Neil delivered the opinion of the Court.

The plaintiff in error, who was also plaintiff in the trial court, sued the defendants in the Circuit Court of Maury County for damages for alleged libel for speaking and publishing of the plaintiff false and scandalous words on March 31, and April 1, 1953, to wit:

"Former Maury County Sheriff, Flo Fleming said here today that he had conferred with his attorney, Hugh T. Shelton, Sr., and will file a suit against M. M. Jones for perjury in connection with testimony given in a case in which Jones charged Fleming and a deputy, Lawson White, with false arrest and mistreatment."

It is further charged in the plaintiff's declaration, immediately following the foregoing alleged libelous statement:

"Meaning by said statement over the radio to maliciously defame plaintiff and to expose him to public contempt and to deprive him of the public confidence and social intercourse and to deprive and destroy his occupation and business, and further meaning that plaintiff was guilty of perjury, all of which was wickedly, malignantly and maliciously false and libelous and which was known, or should have been known to the defendants and each of them, to be false and libelous at the time said statements were published and circulated over said radio station."

The defendant, Middle Tennessee Broadcasting Company, Inc., was made a co-defendant with Fleming on the ground that the alleged false and defamatory libelous language was broadcast over the defendant's station,

WKRM at Columbia, Tennessee, and as a result thereof the same was given wide publicity.

Separate demurrers were filed by the defendants. But each one contains the following general averment:

"That there is no warrant in law for the maintenance of such an action as the plaintiff has brought, in that, the words which plaintiff states were falsely and maliciously published by the defendant, Middle Tennessee Broadcasting Company, was in law a privileged publication.

"Wherefore, defendant demands the judgment of the court whether he shall make other or further defense to such declaration.

\* \* \* \* \* \*

"The Defendant, Flo Fleming, demurs to the Plaintiff's declaration upon the following grounds:

"That the declaration is not sufficient in law, because the words which it states were falsely and maliciously spoken by the Defendant are not actionable within themselves, and it is not alleged that the Plaintiff has suffered any special damage from the speaking of said words."

The demurrers were sustained by the trial judge, and we now have the issue for consideration and decision upon the following assignment of error:

"That the learned judge of the Circuit Court of Maury County, Tennessee, did commit error in sustaining the demurrers of all defendants in this cause, and did commit further error in dismissing the suit as to all defendants."

We think the demurrers should have been overruled, and that the trial judge erred in not doing so.

The defendants' contention seems to be that the statement of and concerning the plaintiff in error "is not actionable per se because it fails to sufficiently impute to the mind of the ordinary hearer that the Defendant-in-Error, Flo Fleming, accused the Plaintiff-in-Error of perjury."

This is the only issue to be decided. The counsel for demurrants make the contention that "there is no *direct accusation* of false swearing", and hence is to be distinguished from our own cases where the accusation of perjury was direct and unequivocal. But this contention is not at all persuasive when reviewed in the light of the numerous decisions of our Court dealing with almost identical libelous words.

In *Cooley* v. *Galyon,* 109 Tenn. 1, 70 S. W. 607, 60 L. R. A. 139, the Court held, as follows:

"It is well settled in this State that defamatory words falsely spoken or written of one, which prejudice him in his business or occupation, are actionable without proof of special damage."

In *Bell* v. *Farnsworth,* 30 Tenn. 608, it was held:

"If the words used, without the aid of extrinsic facts, impute an offense for which, if true, the plaintiff would be criminally liable, they are actionable, and it becomes unnecessary to look beyond them."

Also in *Stair* v. *Journal & Tribune Co.,* 136 Tenn. 404, 189 S. W. 864, it is stated:

"A publication is actionable *per se* which holds plaintiff up to ridicule or scorn, although it does not necessarily impute moral turpitude.

\* \* \* \* \* \*

"In the case of publishing corporations it has been well held that they are liable for libelous publi-

cations without proof of express malice where the publication is made by its authority or ratified by it, or made by one of its servants or agents in the course of the business in which it is engaged. The cases are collected in a note to Sawyer v. Norfolk, etc., R. Co., 9 Ann. Cas. 443, and also in the note to Hypes v. Sou. Ry. Co., 17 Ann. Cas. 622.''

The following cases, relied on by defendants' counsel, do not control the case at bar, to wit: *Fry* v. *McCord Bros.*, 95 Tenn. 678, 33 S. W. 568; *Railroad* v. *Delaney*, 102 Tenn. 289, 52 S. W. 151, 45 L. R. A. 600; and *Benton* v. *Knoxville News-Sentinel Co.*, 174 Tenn. 661, 130 S. W. (2d) 106.

Thus in *Fry* v. *McCord Bros.*, supra [95 Tenn. 678, 33 S. W. 570], it is held:

"Words which upon their face, and without the aid of extrinsic proof, are injurious, are libelous *per se;* but if the injurious character of the words appear, not from their face, in their usual and natural signification, but only in consequence of extrinsic circumstances, they are not libelous *per se.*"

In *Railroad* v. *Delaney*, supra, the alleged libelous words were held not to be actionable per se.

In *Benton* v. *News-Sentinel*, supra, the Court held:

"A wife, who was not mentioned in an allegedly libelous article published of and concerning her deceased husband, had no cause of action because of the libel of her husband, since that cause of action ceased to exist with husband's death, and the family relationship did not save the cause of action."

The assignment of error is sustained, and the case is remanded for further proceedings consistent with this opinion.