497 P.2d 738

Lucy M. ROMERO, Petitioner,

v.

Edwin L. FELTER, a District Judge for the
First Judicial District of the State of
New Mexico, Respondent.

No. 9424.

Supreme Court of New Mexico.

May 26, 1972.

Mitchell, Mitchell & Alley, James B. Alley, Jr., Santa Fe, for petitioner.

Rodey, Dickason, Sloan, Akin & Robb, Ray H. Rodey, Albuquerque, for respondent.

## OPINION

OMAN, Justice.

This is an original proceeding in prohibition. The alternative writ was made permanent on March 15, 1972.

Petitioner and her husband [hereinafter referred to as plaintiffs] brought suit for damages they allegedly sustained by reason of a claimed libel against each of them and a claimed interference with contractual relations. Their claims in tort arose out of the writing and publication of a letter by defendant in which reference was made to both plaintiffs. Petitioner sued individually and as administratrix of the estates of two decedents. Her husband joined in the suit in his individual capacity and as the agent of his wife. Each seeks compensatory and punitive damages in different amounts under their respective claims for libel. They did not, however, set forth their respective claims in separate counts, but asserted in "Claim I" of their complaint their respective claims arising out of the alleged libel, and in "Claim II" they asserted a joint claim for damages allegedly arising out of the claimed interference with their contractual relations.

Their suit was filed in the First Judicial District over which three resident district judges preside. The case was first assigned to the judge of Division I. The husband filed an affidavit pursuant to § 21–5–8, N.M.S.A.1953 (Repl.Vol. 4, 1970), by which he disqualified this judge.

The case was then assigned to respondent, who is the judge of Division II. Petitioner then filed an affidavit pursuant to the same statute by which she disqualified respondent.

The case was thereupon assigned to the judge of Division III. The defendant in the tort action thereupon filed an affidavit pursuant to said statute by which he disqualified the judge of Division III. Defendant also filed a motion to quash petitioner's affidavit of disqualification, and respondent entered an order quashing the same.

Petitioner thereupon filed her Petition for Writ of Prohibition in this court by which she sought to have respondent prohibited from proceeding further in the tort action.

The question presented was whether plaintiffs could each disqualify a judge under § 21–5–8, supra. We have already answered that they could, and our purpose in writing this opinion is to make known our decision on this question and our reasons therefor.

It was the contention of respondent in the tort action that plaintiffs, together, are "a party" within the provisions of § 21–5–8, supra, and, therefore, could properly disqualify but one judge under this court's decision in Beall v. Reidy, 80 N.M. 444, 457 P.2d 376 (1969). This contention of respondent was predicated upon the following: (1) plaintiffs are husband and wife; (2) they are on the same side in the tort action; (3) the husband was acting as agent for his wife in her capacity as administratrix; (4) their respective claims arose out of the same transaction; and (5) their claims are not set forth in separate counts in their complaint in the tort action, but are combined in what are denominated as "Claim I" and "Claim II," as shown above.

Section 21–5–8, supra, provides, insofar as pertinent:

"Whenever a party to any action or proceeding, civil or criminal, * * * shall make, and file an affidavit that the judge before whom the action or proceeding is to be tried and heard, * * * cannot, according to the belief of the party making the affidavit, preside over the action or proceeding with impartiality, that judge shall proceed no further. * * *"

The fact that plaintiffs are husband and wife does not destroy their individual identities and make them one person under law, nor does it operate to vest in either of them, or only in them jointly, the right to assert and recover for tortious wrongs suffered personally by each of them. Marital status does give rise to many mutual rights, duties and obligations between a husband and wife; does create in each of them legally enforceable rights

in and arising out of the marital status and in the well-being of the other of them; and for some purposes and under some circumstances, vests in one or the other of them the right and power to manage and control their community interests and rights. However, each retains his or her legal identity and all of his or her rights and powers under the law, except as a marital relationship requires otherwise and as is expressly provided by law. In New Mexico each spouse may recover for tortious wrongs committed against him or her personally by a third person. Soto v. Vandeventer, 56 N.M. 483, 245 P.2d 826, 35 A. L.R.2d 1190 (1952); Roberson v. U–Bar Ranch, Inc., 303 F.Supp. 730 (D.C.N.M. 1968). See also Garraway v. Retail Credit Company, 244 Miss. 376, 141 So.2d 727 (1962); Benton v. Knoxville News-Sentinel Co., 174 Tenn. 661, 130 S.W.2d 106 (1939); Alfone v. Newark Umbrella Frame Co., 13 N.J.Super. 526, 80 A.2d 589 (Essex Cty.Ct.1951); Wilson v. Retail Credit Company, 325 F.Supp. 460 (S.D. Miss.1971); 1 W. de Funiak, Principles of Community Property § 82 at 226–31 (1943). Since the alleged libelous letter refers to both of the plaintiffs, each of them has a separate cause of action which he or she may properly pursue against defendant.

Section 21–5–8, supra, provides: *"a party* to any action or proceeding," may disqualify "the judge before whom the action or proceeding is to be tried and heard." [Emphasis added]. Respondent's position was that all plaintiffs must be considered together as "a party," as must all defendants. Consequently, plaintiffs, as "a party," had exercised their right upon the disqualification by the husband of the judge of Division I, and the attempt to disqualify respondent by the wife was of no effect. We do not agree that all plaintiffs to a cause constitute "a party," nor that all defendants are to be considered as one party.

A party to an action or proceeding within the contemplation of our statute has the same meaning as "a party" within the contemplation of our Rules of Civil Procedure. Clearly our rules, as well as the common understanding of what is meant by a party to a lawsuit, are inconsistent with the position that all parties on one side of a lawsuit are but one party. See Rules 5(c); 10(a); 13(a) (g) and (h); 19(a) (b) and (c); 20; 21; 22(a); 23; 24; 25(a) (2); 30(b) (d) and (g); 33; 34; 35; 36(a); 38(a) (b) (c) and (e); 52(A); 54(b); 55(d); 59; 60(a) and 62(h) of the Rules of Civil Procedure for the District Courts [§§ 21–1–1(5) (c); (10) (a); (13) (a) (g) (h); (19) (a) (b) and (c); (20); (21); (22) (a); (23); (24); (25) (a) (2); (30) (b) (d) and (g); (33); (34); (35); (36) (a); (38) (a) (b) (c) and (e); (52) (A); (54) (b); (55) (d); (59); (60) (a) and (62) (h), N. M.S.A.1953 (Repl.Vol. 4, 1970).]. See also Supreme Court Rules 5(1) (2) and (3) and 8(1) [§ 21–2–1(5) (1) (2) and (3); (8) (1), N.M.S.A.1953 (Repl.Vol. 4, 1970)].

Respondent relied upon Morris v. Cartwright, 57 N.M. 328, 258 P.2d 719 (1953), and particularly that portion of the decision at pages 331–332 of the New Mexico Reports referring to "each party" as meaning "each side" of a suit in the exercise of peremptory jury challenges. We do not accept the reasoning or the result reached in that case as being applicable to the statute here in question. Our present statute, concerning the exercise of peremptory challenges of prospective jurors, expressly provides:

"When there are two [2] or more parties defendant or parties plaintiff, they will exercise their peremptory challenges jointly and if all cannot agree on a challenge desired by one [1] party on a side, then the challenge is forfeited. However, if the relief sought by or against the parties on the same side of a civil case differs, * * * the court shall allow each such party on that side of the suit five [5] peremptory challenges."

Section 19–1–14, N.M.S.A.1953 (Repl. Vol. 4, 1970).

This statute, as do the Rules of Civil Procedure for the District Courts and the

rules of this court, as shown above, clearly recognizes that there may be and often are multiple parties on each side of an action or proceeding. Section 21–5–8, supra, clearly gives to "a party"—that is to each party—the right to disqualify "the judge before whom the action or proceeding is to be tried and heard. * * *" This is precisely what each of the plaintiffs did.

We next consider the effect of the agency relationship between the husband and wife. Other than the mention of this relationship, respondent makes no argument to persuade and cites no authority to show us that this relationship has any bearing upon the right of both the husband and the wife to disqualify a judge, so long as the judge disqualified is the one "before whom the action or proceeding is to be tried and heard."

In the complaint in the libel suit, plaintiffs alleged that the wife is the administratrix of the estate of certain named decedents and her husband acted as her agent in her capacity as such administratrix. However, there is no doubt about their respective claims that each of them was libeled by the letter in question and that each sustained damages in different amounts by reason thereof. We fail to understand how this agency relationship could operate to cause them to be one party to the suit, when each claims a personal tortious act was committed against him or her and each claims damages in different amounts by reason of this personal tort.

We are next confronted with the contention that plaintiffs are "a party" to the libel suit, within the contemplation of the provisions of § 21–5–8, supra, by reason of the fact that their respective claims arose out of the same transaction. We have already pointed out that each claims the commission of a separate tort against him or her. The fact that these claimed torts arose out of the same transaction does not create an identity of interests in plaintiffs, and certainly does not so identify their interests as to make them in effect one party plaintiff. Rule 20 of the Rules of Civil Procedure for the District Courts [§ 21–1–1(20), N.M.S.A.1953 (Repl.Vol. 4, 1970)], clearly provides for the joinder in one action as parties plaintiff of those who severally assert claims arising out of the same transaction or occurrence, if any question of law or fact common to all will arise in the action. This rule clearly considers them as retaining their separate identities as separate parties, since it provides: "* * * Judgment may be given for one [1] or more of the plaintiffs according to their respective rights to relief, and against one [1] or more defendants according to their respective liabilities."

The final claim, upon which the identity of plaintiffs as "a party" is predicated, is that plaintiffs' claims, and particularly their separate claims for libel, are not set forth in separate counts but are combined in what is denominated in the complaint as "Claim I." We agree that simplicity and clarity would have been served had plaintiffs set forth their respective claims in separate counts, but their failure to do so did not make their respective claims a joint or common claim. Each claims damages for asserted libel against him or her, and a reading of "Claim I" of the complaint immediately demonstrates that separate claims are being asserted by plaintiffs, even though the claim of each arises from the one claimed libelous letter written by defendant.

We reaffirm our action in having heretofore made the writ of prohibition permanent.

It is so ordered.

COMPTON, C. J., and McMANUS, STEPHENSON and MONTOYA, JJ., concur.