This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOSEPH F. OLIVER and MICHAEL R. ROUANZION,**

Plaintiffs-Appellees,

v.                                          NO.   29,366

**ALFRED R. WALCK and JOHN E. WALCK,**

Defendants-Appellants,

and

**JANICE WALCK a/k/a JANICE WALCK ENCINIAS,**

Defendant,

and

**BOARD OF COUNTY COMMISSIONERS FOR MORA COUNTY,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF MORA COUNTY**
**John M. Paternoster, District Judge**

Scheuer, Yost & Patterson, PC
Charlotte H. Hetherington
Santa Fe, NM

for Appellees
John Walck
Albuquerque, NM

Pro Se Appellant

Alfred R. Walck
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendants Alfred and John Walck, both filing pro se here, separately seek to appeal the district court's order of default judgment against Defendant Janice Walck, their sister. Janice Walck has not filed an appeal. Defendants Alfred and John also filed separate motions for stay. Plaintiffs filed a motion to dismiss on grounds that the Walck brothers lack standing to challenge the order affecting only Janice's property rights. We denied the motions for stay, and held the motion to dismiss in abeyance, pending further calendaring. Unpersuaded by Defendants' docketing statements, we issued a notice of proposed summary disposition, proposing to dismiss. The Walck brothers have responded to our notice with

separate responses. We have considered their responses and remain unpersuaded. We dismiss.

**Parties Not Aggrieved**

Defendants Alfred and John Walck assert that they are prejudiced by the district court's order of default judgment entered against Defendant Janice Walck, because it adversely affects their interests which have not been tried. [Alfred's response to motion to dismiss 1-2; Alfred's DS unnumbered page 3; John's response to motion to dismiss 1; John's DS unnumbered pages 2-3; Alfred's MIO unnumbered pages 2-3; John's MIO unnumbered pages 2-4] The district court's order of default grants to Plaintiffs use of an access road only to the extent that it burdens Janice's property rights. [RP 225-27] Neither the responses to the motion, nor the docketing statements, nor the memoranda in opposition explain *how* their interests have been adversely affected or *why* they can appeal default judgment entered against another defendant. "An assertion of prejudice is not a showing of prejudice." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318. Without a showing that Defendants Alfred and John Walck's interests have been prejudiced, they are not "aggrieved" by the order within the meaning of the standing requirement for the right of appeal. *See Galvan v. Miller*, 79 N.M. 540, 548, 445 P.2d 961, 969 (1968) ("[O]nly a party who has a real and

3

substantial interest in the subject matter before the court and who is aggrieved or prejudiced by the decision of the trial court may appeal."); *see also United Salt Corp. v. McKee*, 96 N.M. 65, 68, 928 P.2d 310, 313 (1981) (holding that "United Salt is not prejudiced by the default judgment establishing the liability of Grice and Patton individually since United Salt's negligence is not thereby decided," except to the extent that the default judgment limits United Salt's ability to litigate issues of respondeat superior and the amount of damages).

The default judgment entered against Defendant Janice Walck resolves that she has no interest in the property. The default judgment against Janice Walck does not decide the interests Alfred and John Walck claim in that property in the ongoing suit. "Clearly our rules [of civil procedure], as well as the common understanding of what is meant by a party to a lawsuit, are inconsistent with the position that all parties on one side of a lawsuit are but one party." *Romero v. Felter*, 83 N.M. 736, 738, 497 P.2d 738, 740 (1972). Part of this common understanding is that parties on one side of a lawsuit cannot assert the rights of one another. *See id.* at 737-38, 497 P.2d at 739-40.

We also note that Defendants Alfred and John Walck's contention on appeal that Defendant Janice Walck does not own the property does not challenge the result of the district court order. To the extent that Defendants Alfred and John

4

seek to challenge Defendant Janice Walck's right to the property and to defend against Plaintiffs' allegations, we are not persuaded that they may do so, particularly in the absence of a cross-claim or a third-party complaint.

For the reasons discussed above and in our notice, we hold that Defendants Alfred and John Walck are not aggrieved by the district court's order of default judgment entered against Defendant Janice Walck.  Accordingly, we dismiss.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**TIMOTHY L. GARCIA, Judge**